Coleman v. Educational Credit Management Corporation Good morning, Your Honors. May it please the Court. My name is Kurt Azzon. I'm here from Educational Credit Management Corporation. The issue before the Court today is an important one that goes to the heart of the constitutional principles upon which our legal system rests. Before you start, can I ask you a question about these supplemental authorities you cited to us? Yes, Your Honor. They're not in your brief. They're not in the brief, and I'm referencing them to assist the Court in recognizing the fact that the cases cited in our brief and the arguments made are supported by the broader Supreme Court jurisprudence regarding rightness. But the freshest one of them is 10 years old. Yes, Your Honor. One of them is from 1967. It's probably older than some of the people in this room. Yes, Your Honor. So these cases were extant when you wrote your brief. Your Honor, when we drafted the brief, we focused on obviously the only circuit court cases and the cases that dealt with rightness in the student loan context. This is simply an effort to provide a broader context to rightness outside of the context of just student loan cases. But you know, when you do this, you don't help us prepare for argument. I apologize, Your Honor. And you push us off on side issues. And from my point of view, cases that are this old, been on the books this long, should have been in the brief, at least in the footnote. But go ahead with your argument. To answer this question, we obviously must look to the Constitution and what the Supreme Court has said about it. Article III, Section 2, Clause 1 limits the jurisdiction of the Federal courts to cases of misuse and controversies. Whether this requirement has been met is obvious in most cases, but difficult to discern in others. At a minimum, as the Supreme Court recognized in Abbott Laboratories v. Gardner, which is a case which the lower bankruptcy court did cite to, no further development of the factual record must be necessary, and the issue presented must require, quote, an immediate and significant change in the plaintiff's conduct of their compliance. Whether further development of the factual record is necessary is crucial. As the Court made clear in Texas v. U.S., quote, a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all. Your position is that a United States bankruptcy court has absolutely no authority to deal with undue hardship, discharge of a loan of this type prior to the completion of a Chapter 13 plan. That is correct, Your Honor. Okay. Well, then, why did Congress approve of a rule allowing a Petitioner in bankruptcy to file a motion related to this subject at any time? Rule 4007, if you look at it as a whole, it's simply a rule that delineates which cases must be filed within a certain period of time, those under Section 523 or 520 or 523C versus those that do not. It's not a rule meant to provide jurisdiction or to, as this Court recognized in Beatty and Stafford, it's not a rule that was meant to limit jurisdiction or to expand the jurisdiction of the courts or to get rid of defenses like latches. In the Beatty case, and this is right in Taylor, in Taylor, the BAP determined that ripeness was not a defense because of Rule 4007. And this Court's opinion in Beatty and Stafford demonstrates that that analysis is far too limited. In fact, the BAP in Beatty did exactly what the BAP in Taylor did. It relied solely on Rule 4007 to determine that latches was not a defense because of the at-any-time language. This Court rejected the argument that the at-any-time language was determinative, and it should do the same in this case. If Rule 4007 can't trump the equitable doctrine of latches, then surely it cannot trump the constitutional requirement of ripeness. I mean, a case can be brought at any time, but any time that the Court has jurisdiction, Rule 4007 does not confer jurisdiction to render advisory decisions or change any other constitutional requirements or applicable defenses. The rule is pretty consistent among BAPs and circuits across the country, that there can't be partial discharge of a loan of this type, right? Typically, well, it depends on the courts, but, I mean, many courts, including this circuit, allow the partial discharge of a student loan debt. Is that what the BAP said in Taylor? Actually, Taylor has been overruled by subsequent cases. On that point? On that point. I could find the site for Your Honor, but, yeah, Saxman, I believe, is the court that said partial discharge was allowed of student loan debt. Okay. Well, Counsel, what about the Econazi case that your opponent cites in his brief? Yes, Your Honor. The Fourth Circuit in Econazi looked at this issue, and it decided not to draw what they called a clear line, but never explained why. It didn't discuss any Supreme Court precedent. It didn't discuss the issue of ripeness. It just simply stated that it didn't want to draw a bright line. And then it went on to discuss the difficulty in applying the test during a Chapter 13. But, unfortunately, I think the Constitution does draw a bright line. If a case isn't ripe, a court has no jurisdiction to render a decision. And the fact that Rule 4007 says a case can be brought at any time, it can be, any time that it is ripe. And as Judge Hawkins pointed out, our argument is that until a discharge has been granted, it is not ripe. And that's based on the way bankruptcy itself works. As discussed in our brief, a debtor does not receive a discharge of any debt until he or she actually receives her bankruptcy discharge, which does not occur until all of the planned payments have been made and any other conditions have been met. But what about judicial administration? These things are fairly fluid, and sometimes the circumstances change, and sometimes there are arrangements entered into. Why can't we let the Dankers v. Court have this amount of discretion, at least in terms of how it manages its pending bankruptcy case? Well, you're right. I think this case arises because bankruptcy sorts are so comfortable with dealing with so many other issues, claim objections, valuation determinations, all these other cases where those are necessary for the administration of the estate. An undue hardship case is completely unnecessary for the administration of the estate. It doesn't affect the estate. It doesn't affect planned payments. The sole purpose of it is simply to discharge the student loan debt, but that cannot occur until the discharge is actually entered. And I think ripeness – the ripeness analysis isn't based on a court's discretion or decision whether or not it's a waste of judicial resources or not. Ripeness on the Constitution is based on whether or not there's a case or controversy.  If it relies on future contingent facts, which may or may not occur. And that's what the Eighth Circuit said in the Bender case. All right. But suppose we have a hypothetical situation where it is reasonably clear today that the student will never be able to repay the loan, that the student meets all the conditions of 523A8. Suppose a student graduates from law school with $100,000 in loans, but two years later has a catastrophic accident, has no assets, and is unlikely to work for the rest of his life. Ripe or not ripe? Still not ripe, because they still may not get their discharge. And that's the fundamental point, is that you could have the case and the debtor could win. But if they don't get their discharge, that opinion is purely advisory. It does absolutely nothing. It has no legal or practical effect. It's saying, if you get your discharge, then your student loan will be discharged. But approximately one-third to over 50 percent of Chapter 13 cases that are filed never receive their discharge. I mean, people intend to. They want to try to pay, but there's a myriad of reasons why that doesn't occur. And so until they actually get their discharge, it's simply showing what may occur if that happens. Counsel, I think you've pretty well set the stage here. Why don't we hear from the other side, and then you'll have some reserved time. If I could reserve my time, thank you. Yes, you may. Good morning. May it please the Court. Lars Fuller, appearing for appellee. As counsel states, the central issue in this case is whether or not an adversary complaint that is filed before plan payments are completed in Chapter 13 or approximate to that period of time is ripe in the timing sense, post-jurisdictional sense. I'd like to use my time to convince the Court that to so hold would be contrary to some of the central tenets of the Bankruptcy Code. First of all. Which presumably do not trump the Constitution. Which presumably do not. That's correct, okay. And the primary point that I want to make, and it's only touched on in the briefs and only touched on, if at all, mentioned in many of the cases, is that why is it that this same debtor today, or at the time of filing the Bankruptcy Code, had she filed a Chapter 7, or had she converted the case, or would she now, if she were now to convert the case to a Chapter 7, as she can do as a matter of right, would all of a sudden it would be ripe? The Court ---- Well, I think you need to respond directly to Mr. Zahn's point and that his argument on a constitutional basis, there's no case or controversy with respect to this issue until the moment of discharge. And your response is what? That is correct under 1328a, but not under 1328b. 1328b allows the termination of a discharge before completion of plan payments. Is that what we have here? That's the ---- that can be the issue here. What we have here is a debtor that's about 15 months from completing a plan. If this debtor could convert the case today to a Chapter 7, it would be ripe. If this debtor could file the case under Chapter 7, it would be ripe. The Court, had this debtor converted the case earlier, would have to speculate even more than it would have to speculate now as to the debtor's future income and his future ability to make payments to the ECMC. Well, I hear you, if I hear you correctly, conceding that the case is not ripe under 1328a. That's correct. Under 1328a, it's not ripe because there can only be a discharge entered under 1328a if the plan payments are completed, and they're not completed. There's no question about that. But under 1328b, they could. Well, then, I'd appreciate it if you could explain why under 1328b the claims this issue is ripe. Because 1328b does not require completion of plan payments. And Rule 4007b allows adversary complaint to be filed at any time. And the Bankruptcy Abuse Prevention Act passed in 05 expresses the clear preference for Chapter 13 payments, Chapter 13 plans to be filed as opposed to Chapter 7 cases. And how did the Bankruptcy Court rule in the order that's under review here? Bankruptcy Court ruled that denied the motion to dismiss. The district court looked to Rule 4007b and said the adversary complaint can be filed at any time. That's a plain reading of the statute. The Bankruptcy Court did not address the merits. This case has not been tried on the merits yet. The only issue is whether it's right to go forward and try the case. And again, my position would be if I convert it today, there would be no arguments whether it's right. There would be more speculation that if this case was tried a subsequent period of time. Secondly, if I may address the issue that one of the other fundamental tenets of the bankruptcy law is that the debts be promptly adjudicated in a case. To wait or to defer until five years down in plan payments would be contrary to that provision as well. And that's also set forth in the case, in the Beattie case. If I may also respond, I agree with counsel that partial discharge of student loans are allowable, and the case that states that is In re Mirovang, 232 Fed 3, 1116. That's a Ninth Circuit case cited in, I can't recall if it was my brief or other briefs. That's all I have, unless the Court has further questions or wants to argue on the issue of distinguishing it from the Heinze matter. Well, the essence of your argument is that this is a 1328B situation, and it's clear in terms of the language of that section that this, the issue is ripe, and therefore the Court has jurisdiction. That's correct. All right. Mr. Thank you, counsel. Mr. Zahn, you have some reserve time. I think it would be useful if you would focus on that 1328B point. Absolutely, Your Honor. 1328B allows a discharge before completing, without completing plan payments only if, one, the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable, two, the value as of the effective date of the plan of the property actually distributed under the plan on an account on which each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under Chapter 7, so basically they'd get as much under Chapter 7, and lastly, modification of the plan under Section 1329 is not practical. The facts of this case are such that there is no 1328B motion that has not been made, nor are there any facts in the evidence to suggest that even if one was made, that she would meet these requirements. A 1328B discharge is just as speculative as a 1328A discharge is. And I concede, if she actually ---- Are you saying that the adversary complaint doesn't cite 1328B? I don't know that I'm aware of, Your Honor. Does it cite 1328? It doesn't cite ---- I mean, typically a complaint is not going to cite ---- I mean, an adversary complaint to determine the dischargeability of a debt is separate and distinct from a motion for a 1328B discharge. Those are two completely separate and distinct actions. Counsel, I'm looking at Judge Conte's order, page 4, line 16. The debtor's case meets the appropriate ---- the bankruptcy court could grant a discharge under 1328B, because as required by the statute, debtor's plan has been confirmed. Why isn't that accurate? Well, because in order to get the 1328B discharge, you have to meet these three requirements. But we don't know that. Precisely, Your Honor. But until she's actually ---- if she had ---- if counsel had made the 1328B motion and received a 1328B discharge, then this case would be right. If, in fact, as you mentioned, if he converted to a Chapter 7 and received a discharge, then this case would be right. What you're saying is that there are two, three, or four predicates that must be established for a 1328B discharge, correct? Correct. But isn't that the purpose of an adversary proceeding, to determine whether those factors are present or not? Well, first, I would say she's not entitled to ---- You filed a motion to dismiss, right? Excuse me, Your Honor? You filed a motion below. You filed a motion to dismiss. We filed a motion to dismiss the undue hardship adversary proceeding related to undue hardship. And that's, I think, an important point here, is a 1328B ---- Well, the important point here is, does the Court have jurisdiction to entertain a 1328B? And that's on the table. Why does it not have jurisdiction to entertain a 1328B? It does absolutely have jurisdiction to entertain that motion. But that motion has not been made in this case. And, in fact, she's making payments. So she would not be entitled to a 1328B discharge because she's actually making payments. This provision ---- That sounds like summary judgment to me, not dismissal. Well, it's dismissed because there's no discharge. I mean, again, this is a discharge. And until she proves entitlement to this type of discharge, it's no different than receiving no discharge at all. And while the district court focused on the fact that that's a possibility, it's only a possibility as likely as the possibility that she'll get a 1328A discharge. In fact, in this case, Ms. Coleman has modified her plan to adjust her payment. I mean, there's no evidence that she is unable to make her plan payments. She's been making her plan payments, continually making her plan payments. So ---- Aren't those considerations to be determined by the court? Absolutely. Well, first, she'd have to be unable to make her plan payments in order to request a 1328B. And then if she was able to make her plan payments, then she would make a motion to the court to receive a 1328B discharge. The court would then evaluate that, and if she was entitled to it, meeting these three conditions, then she'd receive a discharge. At that point ---- So your position is that a debtor who is behaving responsibly and consistent with the plan, but believes that she can meet the qualifications of 1328B has to what? Stop making payments in order to file the motion? Well, first, I don't think she has to ---- I mean, a debtor who goes into bankruptcy is obligated to make payments under her plan. That's what her intention is. And so the mere fact of the possibility of this separate discharge provision doesn't make the case ---- doesn't make a case right. It doesn't ---- because it doesn't give her a discharge if, in fact, she couldn't make payments. I mean, if she voluntarily stopped making payments, then, well, I would argue that she's not entitled to a 1328B discharge because the reason her failure to make payments has to be due to circumstances that she can justly not be held accountable. Her desire is to stop making them would not meet that criteria. And aren't you distinguishing between ripeness and the merits? You seem to be saying because she can't qualify for a discharge, the Court can't hear the question in the first instance. I think we're looking at two different things. We're talking about a 523A8 action, which is an undue hardship adversary proceeding, versus a 1328B discharge. The 1328B discharge will discharge all of her debts, or the ones provided for under that discharge provision. Those are two separate, distinct, very different actions. And I think maybe we're confusing the two of them. Those are two that are brought differently. The standards are different. I mean, to prove undue hardship, there's a three-pronged Gruner test. To meet to get a 1328B, you have to meet these three criteria. So they're completely separate, distinct actions. And if she did bring this action and prevailed, then she would then be able, then her case would be ripe to bring a 523A8 action on undue hardship to determine whether or not her student loan would be included in the 1328B discharge. So if she made the 1328B motion first, prevailed, well, first of all, under your scenario, would there be jurisdiction to hear the 1328B motion? Absolutely. The Court clearly has authority to determine whether or not a debtor's failure to make payments under her plans meets these conditions. Scalia, why couldn't a debtor bring a combined motion under both sections of the code? I would argue it's premature until the Court has determined whether or not she's entitled to a discharge. Because if you brought them both, the Court may be deciding the undue hardship without knowing whether or not she'd be entitled to the action. I mean, you'd have to bifurcate the action. Because, again, she still doesn't have a discharge, so it's still based on the future speculative event. In that case, whether or not she'll be entitled to a 1328B discharge. Whether she gets that discharge or any discharge at all is a future contingent event. And I think just to step back, Mr. Fuller spent a lot of time talking about general bankruptcy principles. But that — and those principles are there, absolutely, things like the fresh start and, you know, wanting people to pay. But those don't address kind of the direct constitutional issue. And if you look at the cases on ripeness that have found that the cases are ripe, you find they kind of avoid that same analysis. They don't address head-on the fact that if a discharge is not granted, an undue hardship determination has absolutely no legal or practical effect. It does nothing. It is by definition an advisory opinion. Is this a case of first impression in the Ninth Circuit? Yes, Your Honor. What is your strongest case from elsewhere, the other circuits, that hold that there is no jurisdiction to entertain an undue hardship determination at this stage? Well, Bender is the eighth circuit case directly on point in the student loan case. As far as the Ninth Circuit, it's a case of first impression in the student loan context. But this Court's decision in Heinze kind of highlights the same type of analysis. In that court, it was dealing with criminal restitution, which is different. And the Court dealt with whether or not there would be a 1328B discharge or a 1328A discharge, recognizing the fact that if they got a 1328B discharge, the debt wouldn't be dischargeable. And under 1328A, it was questionable. And the courts of that case wasn't ripe because they didn't know which discharge was going to be granted. And I think it implied in that decision itself is whether or not any discharge at all would be granted. So to the extent that is the most direct Ninth Circuit case on point, and I think it follows directly in line with what we're talking about here today, we don't know whether it's going to be a 1328A, a 1328B, or any discharge at all. And until one of those discharges is granted, this case is not ripe. Does Heinze really instruct at all, given that criminal restitution can't be discharged? Well, Your Honor, I think that is kind of a – if you look deeper in the analysis, yes, that was about criminal restitution. But I think if you really look at the analysis, it can't be discharged. Excuse me, Your Honor? It cannot be discharged. There was some question under 1328 whether it could be discharged. By separate statute, it cannot be discharged, right? I'm not as up on criminal restitution as I am on student loans, Your Honor. Well, I mean, that's what the opinion says, doesn't it? I believe – what I recall the quote was that it called into question whether it would be, but it questioned whether it would be dischargeable at all based on a recent Supreme Court case. And – but I think if you look deeper in the analysis – You're dealing with a case that involves the impossibility of discharge with a situation where undue hardship may allow discharge, and you want to apply one case to the other? Well, in that case, again, the Court was focused on whether or not it had to decide that issue at all. I mean, whether it had to decide – if it got a 1328A, whether or not it would be or not, questioned whether it would. And if you look at this case, I mean, it's an analogous situation in that if this debtor doesn't get a discharge at all, then nothing would be discharged. And so those situations – I mean, while it's about criminal restitution versus student loan debt, the analysis – the core analysis, what the Court was really looking at, I think is very analogous. The Court did not want to waste its time deciding an issue, which it didn't need to until it – until future facts were – until future facts were developed. Counsel, in Bender, that's three and a half years before the end of that case. Here, the timetable is much more restricted, is it not? Well, this case was brought several years before she was entitled to her discharge. And I think ripeness is determined at the time you bring your case. Ripeness is not like a tomato you can pluck out of your garden and put on your window sill and wait for it to ripen later. You determine ripeness when the case is filed. And when this case was filed, she had not received her discharge. While she's closer to it now, the fact remains that she still has not received it. And so whether the Court renders a decision on the merits – But there's also a motion of rule of reason here. If you're scheduled for a discharge hearing in 60 days, are you arguing that you cannot even entertain this until that 60th day? I think the Constitution does not allow a case to go forward. The Court doesn't have jurisdiction based on ripeness until the future events have been made certain, until the future factual record has been developed. And because the discharge of student loans is entirely contingent upon the receipt of a discharge, no case is ripe until that discharge has been granted or all of the requirements, if she's made all of her planned payments and all of the other conditions have been met such that the discharge is just an administrative formality, there's no uncertainty then at that point in time. Thank you, Counsel. Your time has expired. Thank you, Your Honor. The case just argued will be submitted for decision, and we will hear argument next in Cadena v. Lucchesi.
judges: O'scannlain, Hawkins, Selna